IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEVEN R. BROWN**,

        Plaintiff,

      v.

**1) HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for the WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2006-13; 2) WELLS FARGO BANK, N.A.; 3) Does 1-10, inclusive,**

        Defendants.

No. 3:13-cv-317-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Steven R. Brown filed suit seeking (1) declaratory relief, (2) an injunction preventing defendants from instituting foreclosure proceedings on residential property he owns, and (3) quiet title to the same. Defendants moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Having concluded that there is no justiciable controversy between the parties and that Mr. Brown has failed to state a claim to quiet title in his favor, I GRANT Defendants' motion to dismiss [14].

1 – OPINION AND ORDER

## BACKGROUND

Mr. Brown executed a deed of trust ("DOT") securing a mortgage of his residence on July 17, 2006. (Tranetzki Decl. [17] Ex. 1.) The deed of trust designated Wells Fargo Bank, N.A., as lender and beneficiary and designated Fidelity National Title Insurance Co. as trustee. *Id.* The deed of trust was recorded July 24, 2006. *Id.*

In 2010, plaintiff filed a voluntary petition for bankruptcy in the District of Oregon. (Tranetzki Decl. [17], Ex. 5.) The suit was originally filed under Chapter 13 but was converted to Chapter 7. (*Id.* at 3.) As part of that petition, plaintiff listed Wells Fargo Home Mortgage as a creditor holding a secured claim on the property. (Tranetzki Decl. [17] Ex. 3 at 10.) Plaintiff's personal obligation on the loan was ultimately discharged at the close of the bankruptcy proceedings, with defendants retaining a lien on the property. (Tranetzki Decl. [17] Ex. 4.)

Although it is not contested that nonjudicial foreclosure proceedings on the property were commenced at some point in the past, there are no foreclosure proceedings pending on the property now. (Compl. [1] ¶ 63.)

## LEGAL STANDARDS

On a motion to dismiss, the court reviews the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court considers allegations in the complaint, any exhibits attached to the complaint, and judicially noticeable materials. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In cases where there is a jurisdictional defect, dismissal without leave to amend is proper where "the complaint could not be saved by any amendment." *Id.* at 760 (internal quotation omitted). When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The court

construes *pro se* pleadings "liberally," affording *pro se* plaintiffs the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). However, this liberal interpretation of a *pro se* complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A court need not accept legal conclusions as true because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original). While the plaintiff does not need to make "detailed factual allegations" at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. See *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

Litigants may seek dismissal of an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The plaintiff has the burden of showing the existence of federal jurisdiction over the suit; if no such showing is made, the court must dismiss the case for lack of subject matter jurisdiction unless the defect can be corrected by amendment. *Smith v. McCullough*, 270 U.S.

456, 459 (1926). Article III jurisdiction requires both standing and the existence of a "case or controversy." *See ACLU of Nev. v. Masto*, 670 F.3d 1046, 1061–62 (9th Cir. 2012); *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999). If there is "no actual or live controversy" between the parties, the plaintiff lacks standing to bring suit. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotations omitted). Standing requires first that the plaintiff have suffered an injury that is "concrete and particularized" as well as "actual and imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, there must also be a causal connection between plaintiff's injury and the defendant's actions. *Id.* Finally, it must be likely that this injury "will be redressed by a favorable decision." *Id.* at 560–61 (internal citations omitted). If the plaintiff lacks standing, the court must dismiss the suit for lack of jurisdiction.

While the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, permits federal courts to hear suits for declaratory judgment, there must be an actual controversy between the parties. This requirement is akin to the Article III case or controversy requirement: the dispute must "'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)) (alteration in original). In essence, declaratory judgment is only proper where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Id.*

## DISCUSSION

### I.     Judicial Notice

A court may take judicial notice of a fact outside the pleadings if the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" under Federal Rule of Evidence 201.  Defendants have requested that the court take judicial notice of the deed of trust signed by Mr. Brown and recorded in the county land records.  Mr. Brown does not dispute that he signed the deed of trust, and it is publically available and thus easily identifiable.  Defendants have also requested that the court take judicial notice of Mr. Brown's various bankruptcy proceedings.  The records of these proceedings are public information and thus readily verifiable.  Defendants' request for judicial notice [16] is thus GRANTED.

### II.    The Lack of a Case or Controversy

As explained by Mr. Brown in the complaint, the "gravem[ina]" of this suit are his challenges to Defendants' status as holders of the note and as beneficiaries under the DOT.  (Compl. [1] ¶ 53.)  The complaint alleges various deficiencies in the transfer of the Note and DOT; defects or violations of the trust agreement[1] which affected the securitization of the Note; that defendants' security interest is not perfected; and violations of the Oregon Trust Deed Act.  *Id.* at ¶ 40.  Unfortunately for the viability of Mr. Brown's claims, however, there is no pending foreclosure.  In the absence of any attempt by either defendant to enforce collection of the debt or to enforce the security agreement (the DOT), there is no live controversy between the parties over which this court may exercise jurisdiction under the DJA or to order injunctive relief.

---

[1] Mr. Brown does not have standing to bring suit challenging any alleged violations of the Trust agreement, as he is not a party to that agreement.  Thus, the claims must be dismissed insofar as they challenge the Trust agreement. (*See* Compl. [1] at ¶ 40.)

5 – OPINION AND ORDER

### A. Plaintiff's Declaratory Judgment Action

Although the DJA allows federal courts to exercise Article III jurisdiction to make declaratory judgments, such jurisdiction is only proper where the action addresses an immediate, real, and substantial controversy between the parties. *MedImmune*, 549 U.S. at 127. In this case, there is no foreclosure activity pending on the property, and there is no suggestion that foreclosure will be pursued presently. The mere possibility of future foreclosure action by defendants is not enough to create a real and immediate controversy between the parties. *See, e.g., Kichatov v. Nationstar Mortg., Inc.*, No. 13-103, 2013 WL 3025981, at *4 (D. Or. June 14, 2013); *Magno v. U.S. Bank N.A.*, No. 11-332, 2013 WL 1636074, at *4 (D. Or. Apr. 16, 2013); *Clow v. Bank of America*, No. 10-3093, 2011 WL 7153930, at *3 (D. Or. Dec. 19, 2011). Because no judicial or nonjudicial foreclosure proceedings are pending, there is no case or controversy, and declaratory relief would be inappropriate.

### B. Plaintiff's Request for an Injunction

In the same way, this court lacks jurisdiction to issue an injunction to prevent defendants from pursuing future foreclosure proceedings. There is no "real and immediate" controversy between the parties, as defendants are making no attempt to enforce the DOT and foreclose on the property.

Furthermore, a preliminary injunction may be issued where the plaintiff can show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction is not appropriate here because, as noted above, Mr. Brown cannot proceed on the merits of his claims because he lacks standing to pursue them. He has pointed to no damages he

would immediately suffer if injunctive relief is not granted; rather, his damages are speculative future damages he would incur if his residence were foreclosed upon. (As defendant points out, it appears that these damages would be due to Mr. Brown's default or the 2010 bankruptcy, rather than any of the defendants' challenged actions.)

Mr. Brown will of course be free to seek relief if defendants do pursue foreclosure in the future. However, he would do well to assess whether his challenges to the enforceability of the DOT survived his 2010 discharge in bankruptcy. Any future challenge to defendants' right to foreclose on the property will be subject to many of the defenses raised by Defendants in this case.

### III.     Plaintiff's Quiet Title Action

Mr. Brown's request that the court quiet title in his favor must be dismissed for failure to state a claim. In Oregon, a quiet title action is an equitable action used to determine adverse claims, interests, or estates in real property. Or. Rev. Stat. § 105.605. A judgment quieting title requires the plaintiff to "prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants.'" *Coussens v. Stevens*, 200 Or. App. 165, 171, 113 P.3d 952 (2005). In Oregon, a "lien theory" state, a mortgage does not confer legal title to the property on the mortgagee; rather, the mortgagee takes a lien on the property and may foreclose in the event of default. *See Land Assocs., Inc. v. Becker*, 294 Or. 308, 312–13, 656 P.2d 927, 930–31 (1982). All parties are in agreement that the interest represented by the DOT is a lien.[2] Defendant does not dispute that plaintiff holds legal title to the property. (*See* Def's Mem. [15] at 17.)

---

[2] Contrary to defendants' assertion, a lien is an interest in real property which may be a subject of an action to quiet title under Or. Rev. Stat. § 105.605. *See Lovelady v. Burgess*, 32 Or. 418, 419–21, 52 P.25, 25 (1898) (quiet title action to determine the validity of a lien on property in the plaintiff's

I interpret Mr. Brown's complaint as seeking to establish that the defendants do not have an enforceable lien on his residence. His argument is that the lien has been destroyed by the alleged improper actions taken by defendants in transferring and securitizing the Note and DOT. These allegations, if proved, would not allow the court to quiet title in his favor. Mr. Brown's allegations of improper transfer, violation of the securitization agreements, and that Defendants "are not holders or holders in due course" of the Note would not destroy the lien. At most, these occurrences would make it impossible for the lienholder to pursue certain remedies—such as nonjudicial foreclosure—or destroy the lienholder's superiority vis-à-vis other creditors of Mr. Brown. They would not invalidate the lien or relieve Mr. Brown of his obligation under the note. Because the alleged improprieties in the transfer and securitization of the note would not, if proven true, destroy the lien, Mr. Brown's claim for quiet title is DIMISSED.

## CONCLUSION

Because no foreclosure proceedings are pending on Mr. Brown's residence, his requests for a declaratory judgment and injunctive relief fail for lack of subject matter jurisdiction. I have found that there is no concrete controversy between the parties such that Article III jurisdiction may be exercised over these claims. Further, Mr. Brown's action to quiet title must be dismissed for failure to state a claim on which relief can be granted. Defendants' motion to dismiss [14] is GRANTED. As noted above, I GRANT Defendants' request for judicial note [16].

IT IS SO ORDERED.

DATED this   11th   day of October, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

possession under the Oregon code then in force); *see also Magno*, 2013 WL 1636074, at *4; *Staton v. BAC Home Loans Servicing, L.P.*, No. 10-01306, 2012 WL 1624296, at *9 (D. Or. May 5, 2012).